# Moore *vs* Webb.

ERROR TO THE MADISON CIRCUIT.

*Ejectment. Devisees. Limitation.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

THIS is an action of ejectment between two sisters, for about fifty acres of land, each of them claiming title from their father, who devised all his estate to their mother, "to dispose of as she might think best whilst she survived him," and declared, also, in his will, that whatever disposition she might make of it at her death "should be duly and strictly attended to and stand good in law."

The plaintiff claimed the land under a conveyance from her mother after the testator's death.

The defendant relied on evidence conducing strongly to prove that, more than twenty years before the commencement of this action, her father, who had sold fifty acres of her land and applied the proceeds to his own use, gave her, in lieu thereof, the tract now in suit, being a part of his homestead—and that she had, under that gift, which may have been verbal, occupied and claimed the land ever since, *as her own*, without question or disturbance, until sued in this case by the plaintiff.

Upon this state of case the Circuit Judge instructed the jury: 1st, that if they believed that the defendant, with the knowledge of the plaintiff, and those under whom she claims, had openly held the land adversely as her own, for twenty years prior to the commencement of the action, they should find for her; and, 2d, that if she was in the adverse possession at the date of the plaintiff's deed, that conveyance was champertous and void.

Verdict and judgment were rendered for the defendant, and the plaintiff now insists that there was error to her prejudice in the foregoing instructions.

The unqualified right of *disposition* given to the widow during her life, as well as at her death, imports, in our judgment, a devise of the absolute title to her in *fee*, and not merely a life estate with a power of appointment at her death; and, consequently, the plaintiff's title passed to her by her mother's deed, and not by her father's will, as it would have done had the conveyance been made in execution of a power given by the will.

It does not, therefore, become necessary now to decide the question whether a person claiming through the execution of an unlimited power of appointment, given by will, should be deemed within the saving of *devisees*, from the operation of the act of 1824, against champerty. And, of course, if the jury had a right to infer that the defendant was, in fact and in law, adversely possessed at the date of the conveyance to the plaintiff, the instruction, as to the invalidity of that deed, was not erroneous.

The whole case turns, therefore, on the other or first instruction, which must be right unless there is some estoppel as to the legal character of the possession, or unless there was no authority for presuming an adverse holding *in fact*.

Upon the facts, as proved, the jury were not, in our opinion, bound to decide that the defendant entered and held under an executory agreement, looking all the time to her father for an irrevocable consummation of title. The sale, characterised as a *"gift,"* even if not, in the first instance, in writing, was neither void nor necessarily executory. And, therefore, the contract never having been revoked, and 20 years having elapsed, the jury had a right, as we think, to presume that the parties to it considered it as finally executed, and that the defendant did not look to her father for further assurance; and they had a right, consequently, to infer that her possession was, in the available sense, adverse, and not that of a tenant. Moreover, if the parties considered the contract as imperfect and executory, or if it must be so considered in law, we do not see why the jury might not have presum-

*Margin notes:*

MOORE
*vs*
WEBB.

A devise of land to the wife, "to dispose of as she may think best, whilst she survived," and also providing "that whatever disposition she might make of it at her death, should be duly and strictly attended to, and stand good in law," imports a devise of the absolute title in *fee*, and her deed passes the title.

Where the father put a child in possession of land, who claims it as her own as gift from the father, & remains 20 years in possession, a jury may presume that the possession was adverse & not as tenant, and that the child looked for no farther assurance, and perhaps might presume a conveyance in such case.

ed a conveyance from the lapse of time. And, if the testator considered the land not as his but the defendant's, the general devise of *all his estate* did not intend to pass that land to his wife.

*Though one enter under an executory contract of purchase, and such entry in its legal character becomes a tenancy at will, yet such an one may hold adversely in fact, and in such case an adverse holding for 20 years, with the knowledge of those concerned, will bar ejectment.*

But even if the jury had been bound to consider the original contract as in effect executory, and the entry of the defendant as in the legal character of a tenant at will, still she might have held adversely *in fact;* and if she did so hold for 20 years, with the knowledge of the plaintiff, and those under whom she claims, the statute of limitations barred the plaintiff's right of entry. And, as already intimated, we are of the opinion that, however the probabilities may preponderate, the jury had a right to infer that the defendant's possession had been, *in fact,* adverse for at least 20 years preceding the institution of this suit, and with the knowledge, all the time, of all parties concerned in that fact.

Consequently, we cannot decide that either of the instructions was erroneous. It is, therefore, considered that the judgment of the Circuit Court be affirmed.

*Owsley & Goodloe* for plaintiff; *Turner* for defendant.