*Stevenson & O'Hara, for appellant.   R. D. Handy, for appellees.*

---

W. A. HICKMAN v. F. M. OWENS, ADMINISTRATOR, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—263.]

**Rescission of Contract to Purchase Land.**

Where a purchaser of land pays a part of the purchase money, goes into and retains the possession for nearly twenty years, paying interest on the deferred payments, dies, not leaving personalty sufficient to pay his debts, and the evidence indicates that the purchaser at the time of his death had not agreed to a rescission of the contract, the chancellor, under such circumstances, should not adjudge a rescission at the demand of the vendor, on the theory that the vendee was a mere tenant and not a purchaser.

APPEAL FROM DAVIESS CIRCUIT COURT.

September 24, 1880.

OPINION BY JUDGE PRYOR:

It is alleged in the petition that the purchase and possession by F. M. Owens was made in the year 1855, and his notes then executed for the purchase money. He continued in possession until

his death in the year 1874, and his family remained in possession until the death of his wife a short time after. The purchase was made by parol and some of the purchase money paid. The vendee made lasting and valuable improvements on the premises, equal in value to the land itself, and paid interest, as the proof conduces to show, on the purchase money from time to time. At his death the personal estate was insufficient to discharge his liabilities, and it is now attempted to be shown on the part of the appellee, by several witnesses who seem to have had conversations with the deceased shortly before his death, that he and his brother had rescinded the contract; while on the other hand the statements of the deceased when on his deathbed indicate clearly that he regarded himself as the owner.

He offered to purchase of one of his neighbors a small strip of land that he might add it to his possessions, and made other statements entirely inconsistent with the idea that any rescission had taken place. His possession was long enough to have ripened into a perfect title, and the chancellor, under the circumstances, ought not to have rescinded the contract. His creditors had a claim upon this estate, and the surrender back, if really made, would not defeat their rights. With such conflicting testimony as to the attempted rescission, the vendor should be satisfied if given his purchase money with its interest, and when he obtains that, he has all to which, in equity or good conscience, he is entitled. A chancellor ought not to deprive a man of his possession and right upon such uncertain testimony. The want of a written memorial did not make the sale void, and possession for a term of fifteen years under a claim of right would authorize the chancellor to presume that the contract was in writing. An entry under a parol purchase is a disseizin, and possession may ripen into a title. *Moore v. Webb*, 2 B. Mon. 282.

The vendor will not be allowed to say, after such a lapse of time, that the sale was conditional and the vendee was a mere tenant and not a purchaser. It is manifest, however, that a part of the purchase money is unpaid, and the liability of the land therefor is unquestioned. The deceased time and again acknowledged that indebtedness, and when his heirs or his creditors come into a court of equity asking for equity the chancellor will require them to do equity.

This judgment is *reversed* and cause remanded with directions

to sell the land and apply the proceeds first to the payment of the purchase money, and distribute the balance according to the rights of the parties.

*Riley, Jolly & Walker, for appellant.*

*Owen & Ellis, for appellees.*

[Cited, *Medlock v. Suter*, 80 Ky. 101, 3 Ky. L. 587.]