CASE 58—ACTION BY SUSAN DURHAM AGAINST SALLIE GALLOWAY AND OTHERS FOR A CONSTRUCTION OF THE WILL OF GEORGE C. BROOKS.— JUNE 18.

# Galloway, &c. v. Durham,

APPEAL FROM HART CIRCUIT COURT—SAMUEL E. JONES, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

WILLS—CONSTRUCTION—ESTATE CONVEYED.

A will giving testator's sister property, and providing that if she should die without issue, and leave any of the property, it should go to another, gave the sister a fee with full power to convey; Kentucky Statutes 1903, section 2342, declaring that, unless a different purpose appears, every estate in land created by will without words of inheritance shall be deemed a fee simple, or such other estate as the grantor had.

R. L. GREEN AND H. C. MARTIN, FOR APPELLANTS.

The seventh clause of testator's will is as follows: "That all the balance of my property, real, personal and mixed, go to my sister, Susan Brooks, and that she have the same, but should she die without issue and leave any of the property at her death, then in that event that my sister Sallie Galloway and her children have said property."

We insist that the purpose of the testator was plainly expressed that if the first taker should die without issue, the sister Mrs. Galloway, and her children should take the property, and that therefore Susan Brooks took the fee in the estate subject to be defeated should she die without issue.

## AUTHORITIES CITED.

Thaxton v. Watson, 84 Ky., 210; Hood v. Dawson, 17 R., 880; Hart v. Thompson, 3 B. Mon., 482; Cleveland v. Cleveland, 5 R., 56; Moran v. Dillehay, 8 Bush, 434; Bayles v. Prescott, 79 Ky., 252; Parrish v. Vaughan, 12 Bush, 97; Crozier v. Cundall, 18 R., 116; Collins v. Thompson, 19 R., 1194; Dorsey v. Maddox, &c., 19 R., 1903 (103 Ky., 256); Smith v. Ballard, 25 R., 1290; Young v. Morehead, 94 Ky., 608; Ky. Stat., sec. 2344.

S. M. PAYTON, ATTORNEY FOR APPELLEE.

The will says that the property is to go to Susan Brooks, and that "she have the same," showing clearly that it was an absolute gift, the word "have" being synonymous with ownership or absolute title.

### CITATIONS.

Ky. Stat., secs. 2342, 2343; Barth v. Barth, 18 R., 840; Humphreys v. Potter, 24 R., 1264; Baxter v. Isaacs, &c., 24 R., 1618; Jackman, &c. v. Jackman, 24 R., 2245; Smith v. Smith, 23 R., 1964.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

This action was brought in the Hart circuit court for a construction of the seventh clause of the will of George C. Brooks, which is as follows: "That all the balance of my property, real, personal and mixed, go to my sister, Susan Brooks; and that she have same; but should she die without issue and leave any of the property at her death given her by this will, then in that event, my sister Sallie Galloway and her children have said property." After the probation of the will Susan Brooks was married to J. R. Durham, and it is her contention that she takes an absolute fee simple title in the real estate, with power to sell and convey a perfect title. The defendants, in their answer, claim that plaintiff's interest in the property was a defeasible fee, subject to be defeated by her death without issue. It was adjudged by the lower court that plaintiff was the owner in fee simple of the several tracts of land which she she took under the will, and that she had the right to sell and convey a fee simple title thereto, and that defendants, Sallie Galloway and her children took no vested interest in remainder thereunder, and they have appealed.

The decision of the question arising upon the appeal turns

upon the meaning which is to be given to the words: "But should she die without issue and leave any property at her death given her by this will, then, in that event, that my sister Sallie Galloway and her children have said property." Whilst the clause of the will under consideration does not in express terms confer upon appellee the power to sell and convey the real estate therein devised, this follows by necessary implication, if we are to attach any meaning to the words "leave any of the property at her death given by this will." And it is a well settled rule of construction of wills that an estate may pass by mere implication without any express words to direct its course. See 2 Blackstone's Com., 381. "Necessary implication means, not natural necessity, but so strong a probability of intention that an intention contrary to that which is imputed to the testator can not be supposed." 1 Vess & B., 468. We therefore conclude that testator intended to invest the appellee with the right, if she saw fit, to appropriate the entire estate which passed to her under the seventh clause of his will, if she so desired, and the power to sell and convey for this purpose is necessarily inferred. This being true, it follows, under numerous decisions of this court, that appellee became thereby invested with the fee, and with full power to convey a fee simple title. This question is fully considered and discussed in Barth v. Barth, 38 S. W., 511, 18 Ky. Law Rep., 840; Clay v. Chenault, 108 Ky., 77, 55 S. W., 729, 21 Ky. Law Rep., 1485; Ray v. Spear's Ex'r, 65 S. W., 867, 23 Ky. Law Rep., 1338; Cox v. Anderson's Adm'r, 69 S. W., 953, 24 Ky. Law Rep., 721; Humphrey v. Potter, etc., 70 S. W., 1062, 24 Ky. Law Rep., 1264. And these decisions are in conformity with the public policy of the State as announced in section 2342 of the Kentucky Statutes of 1903.

For reasons indicated, the judgment is affirmed.