CASE 28.—ACTION BY THE COMMONWEALTH AGAINST
    CHRISTIAN STOLL'S ADMINISTRATOR AND OTH-
    ERS TO RECOVER AN INHERITANCE TAX.—
    December 8.

## Commonwealth v. Stoll's Admr., &c.

Appeal from Jefferson Circuit Court; (Chancery Branch, First Division).

EMMET FIELD, Judge.

Judgment for defendants, plaintiff appeals—Affirmed on original hearing; reversed on rehearing.

1. Wills—Construction—Estates—Devise.—Testator gave to his
    wife all his property, with power to dispose of it by will or
    otherwise, and provided that any part of the estate remain-
    ing undisposed of at her death should pass to his legal heirs.
    Held that, under Ky. St. 1903, section 2342, providing that,
    unless a different purpose appears, every estate in land
    created by will shall be deemed a fee-simple estate, etc.,
    the wife took an estate for life with power to dispose of it,
    and on her death the estate undisposed of passed to testator's
    heirs.

2. Taxation—Inheritance Taxes—Statutory Provisions—Retroactive
    Effect.—Where testator, dying before the inheritance tax act
    of 1908, disposed of his estate to his collateral heirs by giving
    them the portion of his estate remaining undisposed of on
    the death of his wife, to whom he gave a life estate, with
    power to dispose thereof by will or otherwise, the portion
    of the estate which passed to the collateral heirs was not
    subject to the inheritance tax imposed by the act.

### ON REHEARING.

Taxation—Inheritance Tax—Construction of Will—Estates De-
    vised.—Testator bequeathed to his wife all his property with
    power to dispose of it by will or otherwise, and declared
    that any part of the estate remaining undisposed of at her

Commonwealth v. Stoll's Admr., &c.

death should pass to his legal heirs. Held, that the wife on surviving her husband took an absolute estate in the property devised to her freed from testator's attempted disposition of the remainder, and hence the heirs of testator and his wife on her death took title from her and not under the will, and were therefore subject to an inheritance tax law passed after testator's death, but before the death of the widow.

JOSEPH SELLIGMAN, JAS. BREATHITT, Atty. Genl. and CHAS. H. MORRIS for the Commonwealth.

C. R. SEYMOUR for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming on original hearing and reversing on rehearing.

The question involved on this appeal is whether certain property inherited by the parties, who are rightfully entitled to same, is subject to the inheritance tax imposed by the act of 1908. The main question is: Did the parties take from Christian Stoll, who died January 18, 1896, leaving a will, or did they inherit from Margaret Stoll, wife of testator, who died intestate?

If they take under the will of Christian Stoll, the distributees should not pay the inheritance tax, because Christian Stoll died before the law was passed. If, on the other hand, they inherit from Margaret Stoll, the various shares are to be subjected to the inheritance tax, because when she died the law was in effect. The question is controlled by the second and third provisions of the will of Christian Stoll. The provisions are as follows:

"2. Should my wife, Margaret Stoll, survive me, then I will and devise to her absolutely whatever estate real, personal or mixed I may own at the time of my death.

"3. Should my wife die without a last will and testament disposing of any or all the estate hereby devised to her, and should she die without having disposed of by sale or otherwise of all or any portion of said estate, then I direct that the part or portion so remaining undisposed of, shall go to my legal heirs and representatives in the proportion to which they will respectively be entitled under the laws of Kentucky, regulating descent and distribution. The provisions of this clause are in no way to hinder or interfere with the absolute right of sale and disposition of such estate by my said wife."

Christian Stoll died January 18, 1906, and his widow, Margaret Stoll, died after the inheritance tax law took effect. She left undisposed, of in any manner, portions of the real and personal property of her deceased husband which she received under the will. Christian Stoll and his wife had no children, and their estate passed to their collateral kindred; if they took from her, the property is subject to the inheritance tax, but if they took under the will it is not subject to the law. The position of appellant is that the devise to Margaret Stoll was a devise in fee simple, and that the remainder over is void, and therefore the property going to the kindred of Christian Stoll, inheriting from Margaret Stoll, who left no kindred, is subject to the inheritance tax. By Ky. St. 1903, section 2342, it is provided that: "Unless a different purpose appear by express words or necessary inference, every estate in land created by deed or will, without words of inheritance, shall be deemed a fee-simple or such other estate as the grantor, or testator had power to dispose of." We are of the opinion that under the will of Christian Stoll it appeared, by necessary inference, that the

decedent wished to give his brothers and sisters or their descendants such property as his wife did not consume or dispose of during her life. The case of Anderson v. Hall, 80 Ky. 91, 3 Ky. Law Rep. 579, is in point. In that case the words were: "I. give to my wife all my property real and personal, giving her the right to sell and reinvest, as she may desire, any part of same for her own separate use and benefit; and at her death the estate undisposed of to go to my three daughters." The court held that the will created a life estate, with power of disposal. To the same effect is the case of Coat v. L. & N. R. Co., 92 Ky. 263, 17 S. W. 564. By the will Margaret Stoll was given the estate, with power to sell or dispose of it as she saw fit; but the will expressly provides that, if she did not exercise the power of disposal, and left any of the property at her death, the same should go to his heirs. As we construe this will, the heirs, or collateral kindred of Christian Stoll, took the property left by his widow under the will, and consequently the same is not subject to the inheritance tax.

For these reasons, the judgment of the lower court is affirmed.

OPINION ON RE-HEARING MARCH 3, 1909.

NUNN, J. The question involved on this appeal is whether certain property, inherited by the parties who are rightfully entitled to same, is subject to the inheritance tax imposed by the act of 1908. The main question is: Did the parties take from Christian Stoll, who died January 18, 1906, leaving a will, or did they inherit from Margaret Stoll, the wife of the testator, who died intestate?

If they take under the will of Christian Stoll, the distributees should not pay the inheritance tax, because Christian Soll died before the law was passed. If, on the other hand, they inherit from Margaret Stoll, the various shares are to be subjected to the inheritance tax, because when she died the law was in force. The question is controlled by the second and third provisions of the will of Christian Stoll, which are as follows:

"2. Should my wife, Margaret Stoll survive me, then I will and devise to her absolutely whatever estate, real, personal or mixed I may own at the time of my death.

"3. Should my wife die without a last will and testament disposing of any or all the estate hereby devised to her, and should she die without having disposed of by sale or otherwise of all or any portion of said estate, then I direct that the part or portion so remaining undisposed of, shall go to my legal heirs and representatives in the proportion to which they will respectively be entitled under the laws of Kentucky, regulating descent and distribution. The provisions of this clause are in no way to hinder or interfere with the absolute right of sale and disposition of such estate by my said wife."

Upon a reconsideration of this case we have arrived at a different conclusion. The rule of construction of wills is to give effect to the intention of the testator in all cases when it can be ascertained, provided it does not violate any provision of the law. One of the rules of law is: When a devise is to a person in fee, with full power to sell and dispose of the property, and the testator then undertakes to dispose of the remainder at the death of the devisee, the devise over is void. Whenever a devisee receives property under

a power that authorizes him to dispose of all the property at will and in that way defeat the remaindermen, the devise over is void.

In the case of Clay v. Chenault, 108 Ky. 77, 55 S. W. 729, 21 Ky. Law Rep. 1485, Chenault devised in fee 275 acres of land to two of his sons, Waller and Anderson. Afterwards he executed a codicil in a clause of which he used this language:

"By the tenth clause of my will I do not mean or intend to prohibit my two sons, Waller and Anderson Chenault, Jr., or either of them, from selling the land I have devised to them, but I here give them or either of them the right, privilege, and power to sell and convey his part of said land, and make the purchaser a good title thereto; but if the proceeds arising from the sale of the land devised to them by me or to either of them shall at the time of the death of them or either of them be invested in other lands, and they or either of them at the time of their death shall leave no child, children, or descendants then alive, then the said land of both or either one in which said proceeds are invested is to revert back and become a part of my general estate."

The court in that case decided that this clause did not affect the fee in the land which he had previously devised, for the reason that they had full power to sell the land and reinvest the proceeds in other land or not as they desired, and the only contingency upon which it would revert was in case they reinvested the proceeds in other land. It will thus be seen that Waller and Anderson Chenault had the power to defeat the reversions. In its opinion, the court said:

"It seems to us that the decided weight of authority, if, indeed, there be any to the contrary, is to the effect that a will or deed giving to the vendee or

devisee full power to sell and convey passes the absolute fee, and that any provision or devise (over) is absolutely void for the reason that it is inconsistent with or repugnant to the fee. And it is wholly immaterial whether the power to sell and dispose of the property shall have been exercised or not."

The devise in the case of Barth v. Barth, 38 S. W. 511, 18 Ky. Law Rep. 840, was as follows:

"I devise and bequeath to my wife, Sarah Ann Barth, all my property, real and personal and choses in action of every description of which I may be the owner, or to which I may be entitled to at the time of my decease; also any and all insurance on my life, absolutely and forever, with power to sell and dispose of as she deems proper, and all the property of whatever kind and description which remains at her death to be equally divided among my three sons" (naming them).

The court held that the widow took the fee-simple title, notwithstanding the provision giving the three children the remainder, if there should be any left at her death. To the same effect are the cases of Galloway v. Durham, 118 Ky. 544, 81 S. W. 659, 26 Ky. Law Rep. 445, 111 Am. St. Rep. 300; Cralle v. Jackson, 81 S. W. 669, 26 Ky. Law Rep. 417; Cox v. Anderson's Adm'r, 69 S. W. 953, 24 Ky. Law Rep. 721; and Byron McClelland's Ex'r v. Frances McClelland (the opinion in which is this day delivered) 116 S. 730, 132 Ky.——.

In view of these authorities and others that might be cited, Christian Stoll, by his will, passed the fee in the property to his wife without limitation on her right to sell or dispose of it, and, consequently, appellees did not take the property under the will, but took it by descent from the widow. Therefore, the prop-

erty received by them from her is liable for the inheritance tax.

For these reasons, the former opinion herein (114 S. W. 279) is withdrawn, and the judgment of the lower court is reversed and remanded for further proceedings consistent herewith.