## Knost v. Knost, et al.

(Decided December 7, 1917.)

### Appeal from Campbell Circuit Court.

1. Wills—Construction.—Where a will devised to the widow of the testator his entire estate, with power to sell and convey the property or any part thereof, and provides that at her death certain specified parcels of real estate shall become the property of his three daughters; and that the residue of the estate shall at the widow's death be divided among the daughters by his executors. Held, that the widow takes a life estate in the whole of the property with power to sell and convey any part thereof, the remainder to go at her death to the daughters.

2. Wills—Construction—Remainders.—When a devise to a person is declared to be in fee with full power to sell or dispose of the property by will, a devise over is void; but if the power of disposition is limited to a mere right to sell and convey the property devised or any part thereof, and there is a remainder over, such person will in that event take only a life estate in the property and cannot, therefore, dispose of it by will.

HORACE W. ROOT and GEORGE H. AHLERING for appellant.

BARBOUR & MASEMAN and HARRY GUNKEL for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming.

The principal object of this action is to obtain a construction of the will of John G. Neidel, who died a resident of and domiciled in Campbell county, this state, July 26th, 1892, the will having been duly admitted to probate August 15th, 1892, by an order of the Campbell county court. The will is as follows:

"I, J. G. Neidel, being of sound mind and in good health, do make and publish this my last will and testament, hereby revoking all wills heretofore made by me,

"First. I give, devise and bequeath unto my beloved wife, Anna Margaret Neidel, all my real, personal and mixed estate wheresoever the same may be situated and with full power to sell and convey.

"Second. After my wife's death, I give, devise and bequeath to my beloved daughter, Anna Barbara Kunigunda Knost, my house and lot on the corner of Eleventh and German Sts., in the city of Newport, Ky., as her sole separate estate.

"Third. After my wife's death I give, devise and bequeath to my beloved daughter, Elizabeth Hallfarth, the house and lot on German St., immediately in the rear of the one above devised to Anna B. K. Nnost, and also the house and lot on Eleventh St., between Isabella and Patterson Sts., in the said city, as her sole and separate estate.

"Fourth. After my wife's death I give, devise and bequeath to my beloved daughter, Christina Steinhauer, the house and lot on the northeast corner of Central Avenue and Eighth Sts., in the city as her sole and separate estate.

"Fifth. After my wife's death I give, devise and bequeath to the Trinity Church (Lutheran) on Race St., Cincinnati, Ohio, the sum of one thousand ($1,000.00) dollars.

"Sixth. I hereby will, if any of my daughters, Anna, Elizabeth or Christina shall die without issue then living, their share or shares of ones so dying shall go and join the shares of those then living.

"Seventh. I nominate and appoint my beloved wife executrix of this my last will and testament and request the court to require no security of her for the same and after her death I request and appoint my daughters, Anna, Elizabeth and Christina, executors, and ask that no bond be required, with full power to sell and convey for the purpose of paying the legacy stated in the fifth clause of this will, and to divide the remainder of my estate among my daughters, Anna, Elizabeth and Christina.

"Given under my hand this 23rd day of June, 1892.
                    "JOHN G. NEIDEL,
"Signed in the presence of
                    "LAWRENCE WILLIAMSON, and
                    "DR. GUNKEL, SR."

The testator was survived by his widow and the three daughters named in the will. The widow, Anna Mar-

garet Neidel, qualified as executrix of the will of John G. Neidel and remained the possessor of the estate of the testator, without selling or conveying any part thereof, until her death, which occurred July 4th, 1899. She also left a will which was duly admitted to probate by an order of the Campbell county court, wherein she attempted to devise the estate left by her husband, John G. Neidel, to their daughters. Of the three daughters of John G. Neidel, two have died since the mother, Christina Steinhauer and Elizabeth Hallfarth, the former leaving a will and certain children and grandchildren, two of whom are infants under fourteen years of age. The last named daughter died intestate, survived by her husband and two children. Louis Knost qualified and is acting as administrator with the will annexed of Christina Steinhauer. This action was brought by the appellant, Anna B. K. Knost, against the personal representatives, husbands and heirs at law of the two deceased sisters, asking a construction of the will of her father, John G. Neidel, and the cancellation of certain quit claim deeds made by her, following the death of her mother, to her sisters, Christina Steinhauer and Elizabeth Hallfarth, both of whom were then living. It is appellant's contention, as alleged in the petition, that the estate left by her father, John G. Neidel, was, by the first clause of his will, devised in fee simple to his widow, Anna Margaret Neidel, and that the devises over of the remainder in the estate to his daughters, attempted to be made by subsequent clauses of the will, were and are null and void; and that the only interest which each of the daughters took in the estate left by their father was under the will of their mother, which did not in every instance give to each the particular property attempted to be specifically devised them by the will of the father.

Notwithstanding the above contention of the appellant it appears from the averments of the petition that the estate left by the father was, after the death of the widow, divided among the three daughters as provided by the will of the father; and the quit claim deeds which the action seeks to have cancelled were made by appellant to convey to her sisters, respectively, any interest that she might be supposed to have in the real estate received by them in such division under the will of their father; it being conceded that each of the sisters, by like quit claim deeds, conveyed to appellant such interests as it may have been supposed they and each of them had

under the will of their father to the real estate received by appellant in the division.

On the other hand, it is the contention of the appellees that the will of John G. Neidel devised to his widow a life estate only in the property left by him with remainder at her death to the three daughters, and that the power of disposition, given the widow by the will was limited to the right to sell and convey such part thereof as might in her discretion be deemed necessary. In other words, that the interest taken by the daughters respectively in the estate in question, were taken by them under the will of the father and not that of the mother. As a certified copy of the will was filed with and made a part of the petition, this contention of the appellees was properly presented by a general demurrer filed to the petition; and the circuit court, adopting the contention of appellees, sustained the demurrer and dismissed the petition. The judgment of that court entered in conformity to this conclusion resulted in the present appeal.

The question to be determined, therefore, is whether by his will John G. Neidel intended to devise to his widow a life estate in his property with limited power of disposition, or to devise to her the fee. We are aware of the rule which declares that where an estate is granted in such terms as vest in the taker an apparent fee with the absolute power of disposition, an attempted devise over of a remainder interest is void. This rule, however, is not a rule of property, but one of construction, to be applied in the absence of an expression of a contrary intention of the testator. The first and highest rule of construction, however, is that the intention of the testator, when it can be ascertained from the will as a whole, must govern. The fact that in the will before us there are devises over and that the power of disposition given the widow is limited to a mere right to sell and convey the property devised, furnishes convincing evidence that a life estate, rather than a fee, was intended by the testator to go to the widow. If the power of disposition given the widow were absolute, we would be forced to sustain appellant's contention that the will invested her with the fee, but the power given is expressly limited to the right or privilege to sell and convey. The widow was, therefore, without power to dispose of the estate by will. If, in conferring the power of disposition, the will had declared that the widow might sell and convey or otherwise

dispose of the estate devised her, such language would, we, think, as clearly have authorized her to dispose of it by will as if it had expressly so declared. But in restricting the power of the widow to dispose of the property to a sale and conveyance thereof, the language employed as effectually precludes the power to dispose of it by will as if the will had declared she could not so dispose of it. In many cases decided in this jurisdiction it has been held that notwithstanding the attempted devise over of the remainder, the unqualified right of disposition given to the widow during her life, as well as at her death, imports a devise of the absolute title to her in fee, and not merely a life estate. Moore v. Webb, 2 B. Mon. 282; Becker, &c. v. Roth, &c., 132 Ky. 429; Dulaney v. Dulaney, 25 R. 1662; Barth v. Barth, 18 R. 840; McCullough's Admr. v. Anderson, 90 Ky. 126; Dale v. Adams, 19 R. 1169; Alsip v. Morgan, 33 R. 72; Commonwealth v. Stall's Admr., 132 Ky. 234.

In Commonwealth v. Stoll's Admr., *supra*, the devise was to the wife "absolutely" and in another clause of the will it was provided:

"Should my wife die without a last will and testament disposing of any and all of the estate hereby devised her, and should she die without having disposed of, by sale or otherwise all or any portion of said estate, then I direct that the part or portion so remaining undisposed of, . . . ."

It was held that the wife took a fee in the estate devised because "when a devise is to a person in fee with full power to sell and dispose of the property . . . . the devise over is void."

In Angell v. Wood, 153 Ky. 195, will be found a will in which there was a provision giving the wife the power of disposition both by deed and by will. The will read:

"To my dearly beloved wife . . . . I give and bequeath all my estate, real, personal and mixed, of which I shall die possessed or to which I may be possessed. But at her death if there should be anything left after her funeral expenses are paid . . . . I wish half that is left to be given equally to my brothers or their heirs and remaining half to be disposed of as she may think proper."

It will be observed that here no express life estate was given, and though the devise in general terms imported the giving of a fee, yet we held that as to one-half of the property the wife took a fee and as to the other half only a life estate, the opinion declaring that:

"Had she been given the power to dispose of the devised estate both during her lifetime and at her death, we would necessarily have to hold that she took a fee; but such is not the case. The will expressly limits her right to dispose of the property by will. She is given power to dispose of only one-half. By giving her full power to dispose of the property during her lifetime but limiting her power to dispose of it at her death, it is perfectly apparent that the testator did not intend to give her the property in fee with the absolute power of disposition. We, therefore, conclude that this case follows the rule laid down in Anderson v. Hall's Admr., 80 Ky. 91."

In Anderson v. Hall's Admr., *supra,* the will declares:

"I give to my wife all my property, real and personal, giving her the right to sell and reinvest as she may desire, any part of the same for her own separate use and benefit; and at her death the estate undisposed of to go to my three daughters."

We held that the wife took a life estate, and that the power of disposition was limited. It will be observed that the power of disposition given in the will in that case was similar to that in the will here involved, except that the latter does not contain the term "reinvest," as does the will in Anderson v. Hall. It will be found, however, that the opinion is not rested entirely upon the use of the word "reinvest" as constituting a limitation upon the power of disposition. For in speaking of the effect to be given that word the court said:

"The power of disposition in the case before us was only for the purpose of reinvestment, but if construed otherwise, and as being given for the purpose of enabling the wife to use the principal of the estate in the event her necessities demanded it, and still the children would be entitled to the estate remaining, whether of the original estate, or the estate in which it had been converted, to the extent of the investment made."

In Coat's Exr. v. Louisville & Nashville R. R. Co., 92 Ky. 263, the testator devised the whole of his estate to his wife "to be at her absolute disposal to sell, convey, transfer or expend as she may deem proper during her lifetime without restraint, she to receive all rents, dividends or interest on investments, or to convert same into money or other investments at her discretion, and after her death the remainder of my estate unexpended by her I devise and bequeath as follows: . . . ." The will

then proceeded to name those who would take in remainder. In construing this devise we held that the widow took only a life estate, but with full power to dispose thereof for her own benefit, those in remainder to take only what might be unexpended at her death; and furthermore, that as the widow did not take the fee, the rule that a remainder cannot be limited on an estate in fee did not apply.

In the very recent case of Spicer, et al. v. Spicer, et al., 177 Ky. 400, we applied the rule under consideration in the construction of a deed, and in so doing, in the opinion, in part, said:

"The rule is that where by a deed an apparent fee is granted, and the deed as a whole shows an intention to vest the grantee with a fee, an attempted limitation upon the fee will be disregarded. But in all cases, the effect of the deed turns on its proper construction when read as a whole; and if upon the whole instrument, it appears that the grantor's intention was to vest a less estate than a fee in the grantee, that intention will be carried into effect; for deeds, like other instruments, must be construed according to the intention of the parties, where that intention is sufficiently expressed in the instrument. May v. Justice, 148 Ky. 696.

"It will be observed that the deed here involved does not confer upon the first grantee, Robert Innes, an unqualified power of disposition, but confines his right to dispose of the land to a sale and conveyance by deed. He would not have been authorized to dispose of it by will. The power of disposition conferred was, therefore, a qualified power. The same is true of the power of disposition conferred by the deed upon the appellee, Milton Spicer.

"It is our conclusion, therefore, arrived at from a consideration of the deed as a whole, that it manifests an intention on the part of the grantors to vest in the appellee, Milton Spicer, an estate less than a fee in the land, viz., an estate for life with remainder in fee to his children, subject to be defeated by a sale and conveyance of the land by him before the termination of the life estate."

Our consideration of the will of John G. Neidel constrains us to sustain the construction given it by the circuit court; that is, that it gave to the testator's wife a life estate in the property devised with power of disposition by sale and conveyance, but at her death the whole

or what may not have been sold by the wife to go to his three daughters, respectively. We find no force in appellant's contention that although the construction we here give the will of John G. Neidel, gives the widow only a life estate in the three pieces of property it specifically directs shall go to his daughters, respectively, at her death, such construction should not be so extended as to confine her to a mere life estate in the remaining property left by the testator. It is true that no property of the testator other than the three pieces referred to is described in the will, but the first clause thereof, which contains the only devise to the widow, fixes her interest in the entire property of the testator as a life estate, and the last clause of the will is just as emphatic and positive in its direction that at the death of his wife his executors shall divide the remaining estate between his three daughters, as are the several preceding clauses in their direction that the property therein mentioned shall go to the daughter therein named at the death of the widow.

As the quit claim deeds which the appellant seeks in this action to have cancelled merely released to each of her sisters any supposed interest that appellant may have had in the real estate devised each of them by the will of their father, the construction here given the will of the latter renders it unnecessary for us to determine whether those deeds were procured by fraud. In point of fact, appellant had no interest in the lots to convey, hence, no interest was conveyed by the deeds. The respective interests taken by the daughters of the testator in the estate left by him went to them under the father's will at the termination of the mother's life estate. Consequently, the mother was without power to dispose of the estate by will.

As we concur in the circuit court's construction of the will the judgment of that court is affirmed.