## Davis v. Conrad et al.

(Decided Oct. 19, 1937.)

J. A. KIELY for appellant.

D. E. CASTLEMAN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Affirming.

This appeal involves the construction of the will of Jerry C. Conrad, who died in Boone county, Ky., and his will was admitted to probate in that county in 1924. He willed all of his property, real and personal, to his wife, Mollie E. Conrad, and his daughter, Mary B. Conrad.

The will reads as follows:

"Jerry C. Conrad of the County of Boone, and State of Kentucky, being of sound *mine* do make and publish this my will and testament as follo*wes* to-wit. It is my will that all just debts be and funeral expenses & doctor bill be paid I *here* hereby further will my *be* bequest to my wife Mollie E. Conrad and Mary B. Conrad all my estate and personal property to them Mollie E. Conrad is to have the house on the Dixie with 4a more or less and *If* she *see* iit to sell it and buy & rent which she *see* fit these lots sell them but do not give away & divide the money between your selves and sell the property in Covington divide the money *equal* and do not Mary suffer for anything and you Mollie for anything so long as the money *last* and *If* Mary B. Conrad marries what she has she must take care of it in her own name and after *deth* it is to go to *he* heirs and if *non* it is to go the blind *Instution* but if Mollie E. Conrad shall out live Mary B. Conrad it is to go to Mollie E. Conrad and Mary B. Conrad out lives Mollie E. Conrad it is to go to Mary B.

Conrad and her heirs if she married and have children and if *non* it is to go to the blind *instuton* of Kentucky, but none of my property goes to anyone, not *untill* their death and no heirs left they can make a will if they any *propert* left but not to their peoples or relation nor any of mine.

"Sell the 3 lots on Goodridge Drive and divide the money equal and the surplus & use it as you like and dont let one another suffer as long as the surplus *last.*"

In May, 1937, Mollie E. Conrad and Mary B. Conrad, the devisees under the will, contracted with the appellant to sell to him a certain part of the real estate mentioned in the will located on the Dixie Highway, for the contract price of $250, $10 of this sum being paid and the remainder of the purchase price to be paid when a deed of general warranty conveying the property in fee was made by Mollie E. Conrad and Mary B. Conrad to appellant and tendered him, which they did, but appellant, not feeling satisfied whether or not under the terms of the will appellees were vested with the fee-simple title to the property, refused to accept the deed and pay the remainder of the contract purchase price of the property. Thereupon appellees brought this suit in the Boone circuit court for specific performance of the contract and for a declaration of rights.

Appellant filed his answer in which he pleaded, among other things, that it was uncertain and doubtful as to whether appellees were vested with the fee-simple title to the property or had the power to convey same and he also asked for a construction of the will and a declaration of the rights of the parties thereunder. The case was submitted on the pleadings, and the court adjudged in substance that appellees were authorized by the will to convey the property which they contracted to sell to appellant, and the contract was valid and binding, and appellant must accept the deed tendered and pay the contract purchase price therefor. For a final determination of the rights of the parties appellant has brought this appeal.

The will is awkwardly and inaptly drawn, but a careful reading and analysis of it very clearly reveal that it was the intention of the testator to authorize the devisees, who are appellees in this appeal, to sell the property in question if they see fit or desire to do so.

In the first part of the will testator very clearly states that Mollie E. Conrad is to have the house on the Dixie Highway, 4 acres more or less, and to sell it if she sees fit, and also to sell the lots (which are property here in question) and divide the money between themselves (devisees), and also sell the property in Covington and divide the money. He also expressed his desire that they use the money for their support and that neither devisee let the other suffer for anything as long as the money lasts. The will then provides in substance that, if Mary B. Conrad marry, she must take care of her share of the property in her own name and that after her death it goes to her heirs, if any, but, if none, it goes to the Blind Institution. He then makes provision for the survivor in the event of the death of either of the devisees. It appears that these latter provisions are subject to the rights of the devisees to sell the property but in the event they did not sell it, then the latter provisions of the will were intended to control the remainder. The language that *"they can make a will if they any propert left * * *"* (our italics) clearly indicates that the testator had in mind that there might or might not be any property left after the death of the devisees, because they might exercise their right or power to sell same and use the proceeds thereof as stated in other parts of the will.

It may be conceded that there is certain language or expressions used in the will, when viewed separately from the will as a whole, which might indicate that the devisees took only a life estate or a contingent remainder, or some interest less than the fee; but a power of disposition is too clear to be doubted. In the case of Wood v. Wood, 127 Ky. 514, 106 S. W. 226, 228, 32 Ky. Law Rep. 408, it is said:

"If there be an absolute power of disposition given by the will to the first taker, as if an estate be devised to A. in fee and if he dies possessed of the property without lawful issue, the remainder over, or remainder over of the property, which he dying without heirs should leave or without selling or devising the same, in all such cases the remainder over is void as a remainder because of the preceding fee, and it is void by way of executory devise because this limitation is inconsistent with the absolute estate or power of disposition expressly given, or necessarily implied by the will. A valid executory

devise cannot subsist under an absolute power of disposition in the first taker.''

See, also, to the same effect, Galloway v. Durham, 118 Ky. 544, 81 S. W. 659, 26 Ky. Law Rep. 445, 111 Am. St. Rep. 300.

In the case of Nelson et al. v. Nelson's Ex'r, 140 Ky. 410, 131 S. W. 187, 188, in construing a will like or similar to the one involved in the present case, the court said:

"The rule is now well settled in Kentucky that where property is devised absolutely, with the power, of unlimited disposition, and by a subsequent part of the will the testator undertakes to devise over an undisposed remainder of the property, the limitation over is void.''

Many other authorities of a like nature might be cited, but we think the authorities herein cited are conclusive of this case, and we deem it unnecessary to extend this opinion by citing cumulative authorities.

It is our conclusion, therefore, that the will of the testator vested appellees with power to sell the property in question and that the contract of sale entered into between them and appellant is a valid one.

Judgment affirmed.