## Walker et al. v. Butler et al.

Oct. 22, 1940.

George K. Holbert, Judge.

Thomas W. Beale and Hubert Sirles for appellants.

A. Murray Beard and Faurest & Faurest for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This case involves the validity of two deeds executed by Mattie Allen, deceased, to Luther Butler. One

180

of the deeds was executed in April, 1938, and the other in May, 1939. Mrs. Allen came into possession of the property in question in 1936 under the will of her husband, W. A. Allen. Mrs. Allen died late in 1939. The deeds were attacked upon the grounds that Mrs. Allen had only a life estate in the property, and that there was no consideration for the transfers to Butler and that they were made for the purpose of defeating the heirs of W. A. Allen.

Clause 2 of Mr. Allen's will is as follows:

"I will and bequeath to my wife, Mattie Allen, all of the remainder of my property of whatever kind, both personal and real, and herein direct that she shall have full and complete charge and control of same, to the extent of selling and transferring any or all real estate, and shall use any or all of said property or the proceeds from same that she shall desire, and any remaining at her death shall be equally divided between my sister, Sarah Walker, and the living children of my deceased sister, Margaret Butler (one half to Sarah Walker and one half to living children of Margaret Butler)."

The appellants contend that the provision of the will just quoted gave Mrs. Allen an extremely limited power of disposition, but the appellees contend that she was given expressly an unlimited power of disposition. The rule is that, where property is devised to one absolutely with unlimited power of disposition, and by subsequent provision of the will the testator undertakes to devise whatever may be left of the property at the first taker's death, the limitation over is void and the first taker acquires a fee-simple title. Nelson v. Nelson's Ex'r, 140 Ky. 410, 131 S. W. 187; Wells v. Jewell, 232 Ky. 92, 22 S. W. (2d) 414; Wintuska v. Peart, 237 Ky. 666, 36 S. W. (2d) 50; Whicker v. Strong, 258 Ky. 135, 79 S. W. (2d) 388; Sumner v. Borders, 266 Ky. 401, 98 S. W. (2d) 918; Davis v. Conrad, 270 Ky. 224, 109 S. W. (2d) 612, and cases cited in these opinions. But, where the intent of the testator is obscure, we look to the will as a whole to determine that intent, regardless of collateral and subsidiary rules. Wintuska v. Peart, supra; Walker v. Walker's Adm'r, 239 Ky. 501, 39 S. W. (2d) 970; Breckinridge v. Breckinridge's Ex'rs, 264 Ky. 82, 94 S. W. (2d) 283.

The appellees stress the Nelson and Wells cases, supra, wherein devises were made in language similar to that used in the will now before us. The first taker in each of those cases took a fee-simple estate.

In the Wintuska case the part of the will in question read as follows:

"After satisfying the above specific devises, I will to my wife, Sallie M. Peart, the remainder of my entire estate of whatsoever it may consist whether realty, personalty or mixed, to use, manage and control as she may wish without any restrictions whatever, hereby investing her with full power to sell and convey by deed or otherwise any property herein willed to her. But when my said wife shall come to die, if she so desires, she may give or will one-half of whatsoever of my estate then remains in her possession to the children of S. S. Phillips, Frank Phillips, Jennie Hines Phillips Larue and Mary Phillips, the remaining half to be divided equally to my two brothers, John W. Peart, and James A. Peart, and my two sisters, Lucy H. Peart and Ada B. Peart."

This Court held that the will expressly limited the power of the first taker to dispose of the property by will, and therefore did not give her an unlimited power of disposition. During the course of the opinion it was said:

"* * * The unlimited power of disposition comprises not only conveyances inter vivos but also the power to dispose of by will if the devisee so wishes and as the devisee may wish. Now had Wm. L. Peart by this fifth clause of his will devised his estate to his wife 'to use, manage and control as she may wish without any restrictions whatever * * * with full power to sell and convey by deed or otherwise' the property devised, any property not disposed of by her in her lifetime to go as the testator directed, the case would fall within the rule of Wells v. Jewell, 232 Ky. [92] 93, 22 S. W. (2d) 414; Barth v. Barth, 38 S. W. 511, 18 Ky. Law Rep. 840; Plaggenborg v. Molendyk's Adm'r, 187 Ky. 509, 219 S. W. 438; Commonwealth v. Stoll, 132 Ky. 234, 114 S. W. 279, 116 S. W. 687; Becker v. Roth, 132 Ky. [429] 433, 115 S. W. 761; Nelson v. Nelson, 140 Ky.

410, 131 S. W. 187; and of many others cited and relied upon by the appellant. In these cases, the devise is typical—the first taker is given the property to enjoy with full power to sell and convey by deed or otherwise (sometimes it is even stated that the taker may will the property devised), but whatever remains of the property undisposed of by the first taker at his death is to go as testator directs. It will be observed in such a devise that the power of disposition is not limited by any expressed words of the testator. The first taker is left free to dispose of the property as he may see fit, and the testator putting no express limitation on that power, we have held it to be a power to dispose of by will as well as by an inter vivos conveyance. The taker then is invested with all the attributes of a fee and, being so invested, is held to take a fee. Once this position is arrived at, it inevitably follows as those cases hold that the limitations over of what remains undisposed of by the first taker are void.''

It is obvious from the foregoing quotation that the Wintuska case does not limit or modify the rule heretofore mentioned.

The appellants insist that the phrases ''to the extent of selling and transferring any or all real estate,'' and ''shall use any or all of said property or the proceeds from same that she shall desire,'' were restrictions upon the part of the will which gave Mrs. Allen full charge and control of the property. They insist also that there was a further limitation which restricted Mrs. Allen's right to dispose of the property in directing the disposition of any property which might remain at her death. We are unable to agree with this construction of the will.

It is our conclusion that Mr. Allen intended to give his wife a fee-simple estate in the property. The gift over, therefore, was void. The property was bequeathed to Mrs. Allen. She was given full and complete charge and control of it, with the right to sell or transfer any or all of it and to use any or all of it, or the proceeds from the sale thereof as she desired. Clearly, this was a devise with unlimited power of disposition.

In view of the foregoing conclusion that Mrs. Allen took a fee-simple estate, it is unnecessary to discuss the

second question raised by the appellants. Suffice it to say, however, that Luther Butler brought forth evidence in support of the deeds which would warrant a finding that they not be disturbed.

Judgment affirmed.