## Ellis' Adm'r v. Ellis et al.

Feb. 3, 1942.

F. S. Connely for appellant.

H. W. Alexander for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

L. J. Ellis, died testate in August, 1940, a citizen and resident of Gallatin county, Kentucky. In his holographic will his wife, Matta S. Ellis, was nominated executrix. Being unable to determine what estate was devised to her by the will she declined to qualify as executrix; whereupon, Ohlen Stewart, plaintiff below, was appointed administrator with the will annexed. Matta S. Ellis declined to accept any part of the estate until the quality of her right of tenure should be determined. The administrator brought this action in the Gallatin circuit court against the devisees named in the will requesting a construction of the will which reads:

"I, L. J. Ellis, of Glencoe, Gallatin County, Kentucky, make this my last will and revoke a will made in 1911.

"I give devise bequeath my estate and property real and personal as follows:

"First. I order and direct that all my just debts be paid.

"Second. I give to Laverne Morris of 1119

West 11th Street, Hutchinson, Kansas, One Thousand (1000.00) Dollars to be paid in cash or its equivalent.

"Third. I give to my wife, Matta S. Ellis, all the rest of my estate of whatsoever it may consist to have and hold sell convey or exchange as she may deem proper & best.

"Fourth. At my wife's death and after her just debts are paid I want whatever then remains of said estate divided as follows One fifth (1/5) to Laverne Morris as above named. 1/5 to C. D. Stewart of same address if he be then living if not to be divided equally between all his Daughters then living. 1/5 to Cora Weber my sister of Louisville, Kentucky. 1/5 to my sister Mattie Kemper, of Glencoe, Kentucky, and if she is not then living her part to the Baptist Orphans Home of Gendale, Kentucky. 1/5 'to Oakland Baptist Church of Gallatin County, Kentucky, as an endowment fund and proceeds from same to be used for the improvement and repair of the church property.

"I appoint my wife Matta S. Ellis as the executor of this my last will to serve without bond and ask that no appraisement of my estate be made.

"I declare this as and for my last will and same is written in my own hand at Glencoe, Kentucky. This the 3rd day of October, 1934.

"Signed L. J. Ellis."

The defendant, Matta S. Ellis, contends that by the third clause of the will she has been devised the fee simple title to the residue of the estate of the testator after payment of his debts, funeral expenses, and the specific devise contained in the second clause of the will; and, that the fourth clause of the will is void because it is an attempt to "devise over" after the death of the taker of the fee simple title.

Appellant suggests that a consideration of the whole will shows clearly that it was the intention of the testator to devise a life estate to the widow and at her death the remainder thereof to the devisees named in the fifth clause of the will; that this intent is manifest by that part of clause four which provides for the payment of the widow's debts out of the estate devised before dis-

tribution of the estate to the devisees enumerated in clause five. In extenuation of this contention he argues that if it should be determined that a fee simple title has been devised to the widow under clause three, the estate would be liable for the debts of the widow upon her death without any provision being made therefor in the will, whereas, if a life estate has been devised the estate would not be liable for such debts in the absence of a clause so providing. We are not persuaded that the provision for the payment of the widow's debts is to be given any more force than the provision of the first clause of the will as to the payment of testator's own debts, for which the estate would be liable without any direction in respect thereto. A provision in a will directing the payment of just debts of the testator does not add to the dignity of any claim against the estate and is, in legal contemplation, mere surplusage.

That a devise which would otherwise be absolute may be limited or reduced to a life estate by a subsequent clause in the will is established beyond dispute. Lewis v. Lewis, 253 Ky. 843, 70 S. W. (2d) 679. It is likewise well settled in this state that a devise with unlimited power to use, control, and dispose of the property devised, creates in the devisee a fee simple title and any attempt by the testator to devise over after the death of the first taker is void. Barth v. Barth, 38 S. W. 511, 18 Ky. Law Rep. 840; Commonwealth v. Stoll's Adm'r, 132 Ky. 234, 114 S. W. 279, 116 S. W. 687; Whicker v. Strong, 258 Ky. 135, 79 S. W. (2d) 388; Walker v. Butler, 284 Ky. 179, 144 S. W. (2d) 210. In the Barth case, supra, the provision under consideration reads:

"I devise and bequeath to my wife, Sarah Ann Barth, all my property, real and personal, and choses in action, of every description, of which I may be the owner or to which I may be entitled to at the time of my decease, also any and all insurance on my life, absolutely and forever, with power to sell and dispose of as she deems proper; and all the property, of whatever kind and description, which remains at her death, to be equally divided among my three sons."

The court held that the widow took a fee simple title notwithstanding the provision in respect to the three sons. In the Stoll case, supra, the provision under consideration devised to the widow "absolutely whatever

estate real, personal or mixed I may own at the time of my death. * * * Should my wife die without a last will and testament disposing of any or all the estate hereby devised to her, and should she die without having disposed of by sale or otherwise of all or any portion of said estate, then I direct that the part or portion so remaining undisposed of, shall go to my legal heirs and representatives in the proportion to which they will respectively be entitled under the laws of Kentucky, regulating descent and distribution. The provisions of this clause are in no way to hinder or interfere with the absolute right of sale and disposition of such estate by my said wife."

In that case the court held that the fee in the property passed to the widow without limitation on her right to sell or dispose of the property and consequently the other heirs of testator did not take anything under the will. In the Walker case, supra [284 Ky. 179, 144 S. W. (2d) 211], the clause under construction recited:

"I will and bequeath to my wife, Mattie Allen, all of the remainder of my property of whatever kind, both personal and real, and herein direct that she shall have full and complete charge and control of same, to the extent of selling and transferring any or all real estate, and shall use any or all of said property or the proceeds from same that she shall desire, and any remaining at her death shall be equally divided between by sister," etc.

It was there held that the widow took a fee simple title to the estate and that the gift over was void.

Clause three of the will of testator in the instant case gives the widow the right to have, hold, sell, convey, or exchange the residue of the property as she may deem proper or best. By that language the testator gave to the widow absolute power inconsistent with a life estate and consistent only with a fee simple title. Thus under the authorities above cited the attempt in clause 4 of the will to "devise over" after the creation of a fee simple estate is void.

We therefore conclude that the appellee, Matta S. Ellis, by the terms of her testator's will was devised the fee simple title to the residue of the estate and since the decree of the chancellor is to this effect it is affirmed.