# Dudley et al. v. Wallingford et al.

Dec. 8, 1942.

B. S. Grannis for appellants.

Houston Wood and D. L. Wood for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

The case involves the construction of the will of Frank G. Foxworthy, which to our mind is so simple and clear as to admit of but one construction. The original will was executed in 1908 and a codicil added in 1933. They read:

"I, Frank G. Foxworthy of Franklin in the County of Williamson and the State of Tennessee being of sound mind and memory and considering the uncertainty of this frail and transitory life, do therefore make, ordain, publish and declare, this to be my last will and testament. First I order and direct that my Executrix hereinafter named pay all my just debts and funeral expenses as soon after my decease as conveniently may be. Second after the payment of such funeral expenses and debts, I give devise and bequeath all of the property I own both real and personal and money to use and dispose of as she my lawful wedded wife Ella Foxworthy chooses I make this will expressly for the benefit and maintenance of my wife Ella Foxworthy.

"Frank G. Foxworthy.

"In the presence of N. E. Norris, Jr., S. P. Redford—each in presence of the other.

"I, Frank G. Foxworthy do name by wife Ella Foxworthy, Executrix without bond and without appraisement."

Codicil

"March 8, 1933.

"I, Frank G. Foxworthy, will to Maude Pownall Two Thousand Dollars and everything else I possess to my wife Ella Foxworthy I appoint Ella Foxworthy my wife executrix without Bond and appraisement.

"Frank G. Foxworthy.

"Witness:
"Russell R. Haughey, Charles F. Haughey.

"This will is intended to be an annex to my will date of 1908."

Appellants are the heirs of Mr. Foxworthy and appellees are the heirs of his wife, Ella Foxworthy, now deceased. Mr. Foxworthy preceded his wife in death. It is the contention of appellants that the court was in error in decreeing that the wife on the death of her husband took an absolute and fee simple title to all of his property. It is argued that, since the codicil and the will must be construed together as if they were one complete instrument, the words in the original will "I make this will expressly for the benefit and maintenance of my wife, Ella Foxworthy," are words of limitation, confining the interest devised and bequeathed to the wife to a life estate. Cases cited in support of this contention are Embry's Ex'x v. Embry's Devisees, 102 S. W. 239, 31 Ky. Law Rep. 295; Evans v. Leer, 232 Ky. 358, 23 S. W. (2d) 553. We think those cases do not support the contention of the appellants and are clearly distinguishable from the instant case. The language used in the Embry will is as follows:

"I give to my wife Sallie A. Embry all of my estate of every kind and character of which I die possessed, to do with as she may please during her life, and at her death if there is anything remaining of my estate of which I die possessed or the accumulations thereof, I desire that it shall go to and be-

come the property of my daughter Zedie Arbuckle and her children.''

[102 S. W. 240, 31 Ky. Law Rep. 295]. Clearly the wife's estate under that provision of the will was one for life only and there was a devise over to the daughter upon the death of the wife. In the Foxworthy will there is no devise over and no limitation upon the power to dispose of the property, which may be done by sale, gift, or will. The mere fact that she did not dispose of it during her lifetime has no bearing upon whether she had the right to do so. The right to dispose of property in accordance with one's own desires is totally inconsistent with the theory that the person acquiring such a right has only a life estate. As was said in Ellis' Adm'r v. Ellis, 289 Ky. 365, 158 S. W. (2d) 976, 977:

"It is likewise well settled in this state that a devise with unlimited power to use, control, and dispose of the property devised, creates in the devisee a fee simple title and any attempt by the testator to devise over after the death of the first taker is void."

To like effect are the holdings in the following cases: Barth v. Barth, 38 S. W. 511, 18 Ky. Law Rep. 840; Commonwealth v. Stoll's Adm'r, 132 Ky. 234, 114 S. W. 279, 116 S. W. 687; Whicker v. Strong, 258 Ky. 135, 79 S. W. (2d) 388; Walker v. Butler, 284 Ky. 179, 144 S. W. (2d) 210.

The language employed in the Evans will, supra, cited in support of appellant's contention, is as follows:

"All the remainder of my estate of every kind, real, personal and mixed, after the payment of my debts and the above bequest, I will to my beloved wife, Nannie B. Evans, for her life, with full right to use, consume and dispose of same as she sees fit, both as to income and principal as long as she lives, except that she may not dispose of same by will."

[232 Ky. 358, 23 S. W. (2d) 554]. There, the right of disposition was limited to the beneficiary's lifetime, and, because of such limitation, it was held that the widow had a mere life estate and that upon her death the unused and unconsumed portion of the estate went to the heirs and devisees of the testator. There was no such limitation upon the power of Mrs. Foxworthy to dispose

of the property devised to her by her husband, and the use of the word "maintenance" cannot, in reason, be given the construction of limiting the quality of the estate devised. The purpose of every devise and every bequest is to maintain somebody or something. In Dills v. Adams, 43 S. W. 680, 19 Ky. Law Rep. 1169, the will provided that the real property and personal estate should go to the testator's wife "to have and to hold her natural life, for her support and maintenance, and to be disposed of at her pleasure." The court held that the will was too palpable for any dispute and that the wife was entitled to an absolute fee. In Alsip v. Morgan, 109 S. W. 312, 33 Ky. Law Rep. 72, it was held that the words devised and bequeathed to the testator's wife "all my estate, both real and personal, her life time, to manage and dispose of as she may see cause" created a fee simple title to the entire estate. There the power of disposition was the controlling factor in the decision of the case. In Young's Guardian v. Shaver's Ex'x, 186 Ky. 608, 217 S. W. 902, the clause under consideration recited:

"I give to my wife Nancy E. Shaver, all of the remainder of my property of whatsoever it may be for her use and benefit."

Again the court held that the widow took an absolute fee. In Gwinn v. Gwinn's Adm'r et al., 287 Ky. 795, 155 S. W. (2d) 227, the language of the will recited:

"I hereby bequest—my belongings and property, both personal and real estate to my wife to use as she sees fit, and at her death all that is left to go to Gwinn heirs."

It was held that the devise and bequest to the wife "to use as she sees fit" vested the wife with an absolute title to all the property, and the attempt to devise over to the Gwinn heirs was void. We are in accord with the principles enunciated in those cases. Since, in our opinion, the will as originally drafted devised and bequeathed to the widow a fee simple title in the residue of the testator's estate, the question of whether the codicil converted a life estate into an absolute fee becomes moot.

Since the judgment of the chancellor, in so far as the rights of the parties to this appeal are concerned, conforms to our views, it is affirmed.