# White v. Citizens Fidelity Bank & Trust Co.

June 6, 1950.

Lawrence F. Speckman, Judge.

Wyatt, Grafton & Grafton, for appellant.

Bullit, Dawson & Tarrant, and Gene Sims, for appellees.

JUDGE HELM—Affirming.

This action for a declaration of rights involves the construction of the will of William White. From a judgment denying her any part of the residuary estate of

William White, appellant Mary C. White, individually and as administratrix of the estate of Frank Harris White, appeals.

William White, a resident of Louisville, died June 2, 1913. By Clause 14 of his will, dated June 6, 1911, he devised $10,000 to the Fidelity Trust Company of Louisville, to be held in trust on condition that the income be paid to Miss Annie Maguire, "and at her death the said fund shall revert to my estate to be held under Clause Seventeen of this will." By Clause 15 he devised to the trust company $20,000 on condition that the income be paid to Mary Ellen Harris and Phebe D. Harris during their natural lives, and "in the event of the death of either of them the entire income shall be paid to the survivor and at her death the said fund shall revert to my estate to be held under Clause Seventeen of this will." By Clause 16 he devised to the trust company $40,000 to be held in trust for Mary S. White and Helen C. White, "daughters of my brother John White of Amherst, Nova Scotia," the income to be paid to them during their natural lives, and in the event of the death of either without issue, the entire income to be paid to the survivor and in the event either should die leaving issue the income to which the parent was entitled to be divided equally to their issue. There was no provision as to the remainder. Clause 17 provides: "All the rest and residue of my estate both real and personal I give and devise to the Fidelity Trust Company of Louisville, Kentucky to be held on the following terms and conditions, viz: the income shall be paid to my brother John White of Amherst, Nova Scotia during his natural life and at his death it shall be paid to his wife provided she survives him—and in the event of her death it shall be paid to the children of my brother John White until his youngest living child reaches the age of twenty-one years. And when the youngest child shall reach the age of twenty-one years then said Trustee shall divide said fund between the children of my brother John White equally the issue of any that may be dead to take the parents share."

John White died May 21, 1915, survived by his wife, Mary E. White. She died April 13, 1930. John White had five children: James Francis White, who died in 1912 unmarried and without issue, so that he took nothing under the will; William Robinson White, born in 1883, died in 1936, intestate, survived by his wife and

two children, William J. White and Mary Marguerite White Muggah, both of whom are living and of age; Frank Harris White, born in 1897, died in 1942 without issue, survived by his wife, the appellant Mary C. White; Mary Sarah White (Graham), born in 1895, now living; and Helen Catherine White (McCulley), born in 1897, now living.

The youngest child of John White reached the age of 21 years on January 21, 1918, but the wife of John White, who survived him, did not die until April 13, 1930. Following the death of Mrs. John White in 1930, the original residuary estate, consisting of some $55,000, was distributed under Clause 17 to the above four children of John White, all of whom were then living. Annie Maguire, the life tenant of the $10,000 trust under Clause 14, died in 1947. Mary Ellen Harris, one of the life tenants of the $20,000 trust under Clause 15, died in 1942. Phebe D. Harris is living and is receiving the income from that trust. Mary White (Graham) and Helen C. White (McCulley) are both living.

This action was instituted to determine to whom the $10,000 with accumulations—now about $12,000—should be distributed following the death of Miss Maguire in 1947, and in order to avoid future litigation to determine not only the present rights of the parties under Clause 14, but the further rights of the parties under Clauses 15 and 16, construed with Clause 17.

Appellees say the question here involved is: "Under a will which created separate trusts for the lives of certain named beneficiaries and provided that the principal of each trust should be distributed after the death of the named life tenants, among the unnamed members of a class (consisting of (a) the children of the Testator's brother and (b) the issue of any of the Testator's brother's children who might be dead), should the trust principal be distributed, as each trust terminates at the death of the various life tenants and the principal thereby becomes available for distribution, among (1) those members of the class who are living, respectively, at the respective times for distribution, or (2) those members of the class who are living, respectively, at the respective times for distribution and the personal representatives of former original members of the class, who have died, without issue, years before the trusts to be distributed

terminated and before any principal became available for distribution?''

Appellant contends that the corpus of the trust under Clause 14, now amounting to about $12,000, should be distributed in four parts, one-fourth to each of the four children of John White who were living at the time of the death of John White's wife in 1930, or to the respective estates or personal representatives of the two of them who have died, and in order to save future litigation asks that the court declare not only the present rights of the parties under Clause 14, construed with Clause 17, but also the future rights of the parties under Clauses 15 and 16, construed with Clause 17.

Appellees say that the gifts in remainder in the several trusts to the children of John White are gifts to his children as a class; that as each trust terminates and each remainder reverts to Clause 17, it should be distributed per stirpes to (1) the children of John White living at the termination of such trust, and (2) the then surviving issue of any child of John White who has died prior to the termination of such trust. They maintain that the corpus of the trust under Clause 14 should be distributed in three parts, one-third to Mary Sarah White Graham, one-third to Helen Catherine White McCulley, surviving daughers of John White, and one-sixth to Mary Marguerite White Muggah, and one-sixth to William J. White, children of William R. White, son of John White, who died in 1936.

By Clause 16, William White made a gift of income from a $40,000 fund to Mary S. White Graham and Helen C. White McCulley for their joint lives and then to the survivor, without disposing of the fund itself. But the rule is: ''A devise to one for life, without more, is good; the reversion is in the devisor's heirs.'' Chenoweth v. Bullitt, 224 Ky. 698, 6 S. W. 2d 1061, 1069. In Ford v. Jones, 223 Ky. 327, 3 S. W. 2d 781, 786, we said: ''Where, under the provisions of a will, a gift to a class is postponed until after the termination of a preceding estate, as a rule, those members of the class, and those only, take who are in existence when such preceding estate terminates, and the time for distribution comes. * * *''

In his opinion the Chancellor said:

''This case becomes relatively simple of solution

when we apply the rule as stated in Skiles, v. Bowling Green Trust Co., 294 Ky. 211, 171 S. W. 2d 235, where it was stated 'The number of pieces into which the pie shall be cut, and the parties to whom they shall be passed, is determined by those of the class present when the time for cutting comes.'

"At this time there is but one pie to be cut and that is the one baked in Clause Fourteenth. The life tenant, Miss Annie Maguire (Banker), died on July 25th, 1947, and those present at that time were the children of John White and Mary C. White or the issue of their children, the issue to receive their parents' share. Therefore,. that pie should be cut into three pieces and distributed, (1) To Mary Sarah White Graham, (a child of John White), (2) To Helen Catherine White McCulley, (a child of John White), (3) To be divided equally between William J. White and Marguerite. Ann White Muggah, (the. sole issue of William Robinson White, a deceased child of John White).

"It is obvious that Clause Fifteenth comes under the same category as Clause Fourteenth, although the time has not arrived to cut that pie; however, when that time arrives whoever of the children of John White or their issue who survives Phebe D. Harris shall be entitled to an equal distribution of that pie, the issue of any child of John White to take the parent's share.

"In the case of Clause Sixteenth there was no disposition made of the corpus of the $40,000 after the death of the two children of John White, namely Mary S. White (now Mary Sarah White Graham) and Helen C. White (now Helen Catherine White McCulley) who were designated as direct life tenants, their issue to receive the income of their parent's share which may be the whole if one child survives the other.

"It is equally clear that if William White desired that the beneficiaries of this trust should receive a vested interest in that trust he would have so stated. In the absence of such clear intention it must be held that he intended the corpus to revert to his estate at the death of the surviving child to be disposed of according to Clause Seventeenth. This interpretation of that clause disposes of the claim that it violates the rule against perpetuities."

Under Clause 17,

"William White intended to restrict the beneficiaries * * * to a class, namely John White's children and grandchildren. * * * The children * * * to receive their share must be living when the time comes to make the division. * * * Otherwise their share passes to their children, if any, and if no children, then to the surviving brothers or sisters, or their issue. * * *

"This would exclude the widow of any child dying before the division is made and renders Mary C. White, the widow of Frank Harris White and the estate of Frank Harris White ineligible to participate in the distribution of any portion of any of the trusts mentioned in Clauses Fourteenth, Fifteenth, Sixteenth or Seventeenth of William White's will."

We think the Chancellor reached the correct conclusion. The judgment is affirmed.