HANDY v. CRAIN et al.

Court of Appeals of Kentucky.

June 25, 1954.

Rehearing Denied Oct. 1, 1954.

Terry L. Hatchett, Glasgow, for appellant.

Charles E. Whittle, Brownsville, for appellees.

STEWART, Justice.

In 1911, D. L. Crain died testate, leaving a will which was duly probated and recorded in Edmonson County. The will in the exact language in which it was written reads:

"I, D. L. Crain, of Edmonson County, Kentucky, being of sound and disposing mind and memory, do make and execute this instrument as my last will and testament. First. It is my will after the payment of my furneal expenses I give and bequeath to my wife Josephine N. Crain all of my property of every kind what soever, real personal and mixed to use, occupy controle, and dispose of as she may see proper during her natural life and I appoint said Josephine N. Crain Executor of this my last will and testament and request the Court to allow her to qualify without executing bond It is further my desire that no inventory or appraisement of my estate be made but upon the probate of this paper she take possion of all my property owned at my deth for her own individual use during her life as aforesaid.

"In testimony whereof I hereunto set my hand this the twenty first 21 day of January A.D. 1911.

"/s/ D. L. Crain"

The wife, Josephine, took possession of the principal estate, namely, a farm owned jointly by her and the deceased, and occupied it until her death. Her will, probated May 5, 1919, undertook to devise the farm to her daughter, Mary Crain, for life with remainder over to her three sons, their heirs or assigns, share and share alike. On December 29, 1951, and after the death of Mary, one of the residuary legatees under the will of Josephine instituted this action to have the whole tract sold for a division of the proceeds among the three sons. The heirs of D. L. Crain were called upon as parties defendant to assert any claim to title they might hav in the land under his will. One of them, appellant, Lizzie Handy, answered, alleging in substance that under the will of D. L. Crain his widow took only a life estate in his property and as a consequence his heirs as remaindermen became invested with his interest in the farm when Josephine died. The lower court construed the will as having endowed the widow with a fee to the property. Judgment was entered accordingly, from which this appeal is prosecuted by Mrs. Handy.

Appellees took the position below and contend here that the will devised a fee-simple estate to the widow because (a) it created no estate over by devise to a designated remainderman, and (b) it granted unto the widow the unlimited right to convey.

The first question is: If a will does not nominate a remainderman, is the first taker ipso facto invested with a fee?

It is usual and customary for the testator to dispose of the remainder of his estate in his will and his failure to do so is a circumstance that tends somewhat to negative the theory that he intended to restrict his devise to a life term. Nevertheless, if the language of the will, considered as a whole, clearly shows that a life estate only was given, such a construction should nevertheless prevail. In White v. Citizens Fidelity Bank & Trust Co., 313 Ky. 230, 230 S.W.2d 899, 901, we have this succinct statement on this subject: "A

devise to one for life, without more, is good; the reversion is in the devisor's heirs." See also Jett v. Cheek, 201 Ky. 584, 257 S.W. 1026. We must in every instance examine the instrument in its entirety in order to determine the character of disposition the testator made of his property. Points v. Points, 312 Ky. 348, 227 S.W.2d 913.

■ Nor does bestowal of the unlimited right to convey, standing alone, invest one with a fee. If the power of disposition is limited in any way, either as to devisees or grantees or as to the time of its exercise, the estate created is not a fee. Knost v. Knost, 178 Ky. 267, 198 S.W. 917. The unlimited and absolute power of disposition is required; and this includes essentially the power to give, grant, sell and convey by an inter vivos instrument and devise by a testamentary document. See Collings v. Collings' Ex'rs, Ky., 260 S.W.2d 935; Wintuska v. Peart, 237 Ky. 666, 36 S.W.2d 50; Evans v. Leer, 232 Ky. 358, 23 S.W.2d 553; Spicer v. Spicer, 177 Ky. 400, 197 S.W. 959; and Angel v. Wood, 153 Ky. 195, 154 S.W. 1103.

In the Leer case, cited above, the widow was willed property "with full right to use, consume and dispose of same as she sees fit, both as to income and principal as long as she lives, except that she may not dispose of same by will." [232 Ky. 358, 23 S.W.2d 554.] In commenting on the character of estate bestowed, this Court said:

"Here Mrs. Evans was not given the estate either absolutely or with unlimited power of disposition. On the contrary, she was given a life estate with power only to dispose of the property in her lifetime, and the right to dispose of the property at her death was expressly withheld. In the circumstances she did not take the fee, but took only a life estate with power to convert it into a fee, with the result that the devise over of whatever remained at her death was valid."

■ Measuring the will in this case by the foregoing rules of construction we have an instrument which employs specific language to the effect that the land devised is to be used, occupied, controlled and disposed of as the first taker may see proper "during her natural life." Farther on, the testator limits the period within which the widow shall enjoy the estate, saying in this connection that upon the probate of the will she shall take possession of the property at his death "for her own individual use during her life as aforesaid." Certainly no one could more clearly indicate that only a life estate is intended when he writes in his will that his widow takes his property "during her natural life" for her individual use "during her life." We are further fortified in our conclusion that the testator's purpose was to confine his wife's tenure to her lifetime for the reason, as we have previously pointed out, that the power of disposition by her of any portion of the corpus was limited to inter vivos conveyances.

Appellees invite our attention to Alsip v. Morgan, 109 S.W. 312, 33 Ky.Law Rep. 72, contending that the will interpreted in that opinion is on all fours with the one involved in the case at bar, and they maintain that opinion controls our decision of this case. The pertinent part of the Alsip will was in this language: "I will and bequeath to my wife, Polly Alsip, all my land and farming implements belonging thereto, in short all my estate, both real and personal, her life time, to manage and dispose of as she may see cause."

The construction of the Alsip will turned on the effect given to the position of the phrase "her lifetime" in the quoted sentence. This Court said there: "If the will had ended with the words 'her lifetime,' it would be manifest that the testator intended to invest his wife only with a life estate, but it does not stop there. Following these words is the power 'to manage and dispose of as she may see cause.' There is no limitation whatever upon her power of alienation. She took more than a life estate, and was clothed with the power to convey the fee."

In the will in controversy the words "during her natural life," are at the end of the sentence, and here we have language indicating a life estate appearing for the

first time. Thereafter the testator, in order to emphasize the character of estate he intended his widow to have, namely, a life estate, wrote a second time that she should take all of his property "for her own individual use during her life," the latter phrase coming at the very end of the body of the will. Thus the difference between the two wills is so apparent that further discussion is unnecessary.

We conclude for the reasons recited that the will conferred upon the widow only a life estate in her husband's share of the farm and that his remainder interest therein descended under the laws of descent and distribution to his heirs.

Wherefore, the judgment is reversed with directions that it be set aside and that a new one be entered in conformity with this opinion.