Otis ANGEL; Hazel Angel; Eldora Givens; Theolla Parker; Margie Ann Osborne; James Richard Angel; Roger Angel; Melissa Hinkle; Kathy Hamm; Mike Hinkle; Carl Hinkle, Jr.; Kevin Hinkle; Bruce Angel; Addie Angel; Nina Angel; Goldie Angel Morgan; Betty Gibbs; Bartie Bullock; Everett Adkins; Pauline Adkins; Harold Prewitt; Otto Prewitt, Sr.; Troy Prewitt; and Reba Brown, Appellants,

v.

W.H. (Herman) McKEEHAN, co-executor of the estate of Thelma Angel, deceased; Everett Angel, co-executor of the estate of Thelma Angel, deceased; W.H. (Herman) McKeenan, Individually; Geraldine McKeenan, Individually; Geneva Singleton; Wallace Singleton; Charles L. Hill; Gayle Hill;

2. *See* CR 69.

3. *See* CR 54.04.

4. *See* KRS 304.39–010 et seq. (Kentucky's Motor Vehicle Reparations Act).

5. SCR 3.820(3)(10)(c).

Ruby McKeehan; K.D. McKeenan; Kim McKeehan; T.J. McKeehan; Annette McKeehan; Verneda Sturgill; Robert B. Sturgill; Verna Lee Bruce; Edward Bruce; Verldon Smith; Billie Marriel Smith; Vernon Smith; Wardell Smith; Virgie McKeehan; Wanda Jean Cocks; David Cocks; Shelby Jean Taylor; Tommy Taylor; Billy Dean McKeehan; Sandy McKeehan; Ozene McKeehan; Carol McKeehan; Jimmy Dale McKeehan; Sandy McKeehan; Linda McKeehan Mirshon; Mary Katherine McKeehan Hannon; David S. Hannon; Vicky McKeehan Andrews; Rosalie McKeehan; Rhoda Hamblin; Beverly Angel; Unknown Spouses; Unknown Heirs; W.M. Cox, Jr., Appellees,

Otis Angel; Hazel Angel; Eldora Givens; Theolla Parker; Margie Ann Osborne; James Richard Angel; Roger Angel; Melissa Hinkle; Kathy Hamm; Mike Hinkle; Carl Hinkle, Jr.; Kevin Hinkle; Bruce Angel; Addie Angel; Nina Angel; Goldie Angel Morgan; Betty Gibbs; Bartie Bullock; Everett Adkins; Pauline Adkins; Harold Prewitt; Otto Prewitt, Sr.; Troy Prewitt; and Reba Brown, Appellants,

v.

W.H. (Herman) McKeehan, co-executor of the estate of Thelma Angel, deceased; Everett Angel, co-executor of the estate of Thelma Angel, deceased; W.H. (Herman) McKeenan, Individually; Geraldine McKeenan, Individually; Geneva Singleton; Wallace Singleton; Charles L. Hill; Gayle Hill; Ruby McKeehan; K.D. McKeenan; Kim McKeehan; T.J. McKeehan; Annette McKeehan; Verneda Sturgill; Robert B. Sturgill; Verna Lee Bruce; Edward Bruce; Verldon Smith; Billie Marriel Smith; Vernon Smith; Wardell Smith; Virgie McKeehan; Wanda Jean Cocks; David Cocks; Shelby Jean Taylor; Tommy Taylor; Billy Dean McKeehan; Sandy McKeehan; Ozene McKeehan; Carol McKeehan; Jimmy Dale McKeehan; Sandy McKeehan; Linda McKeehan Mirshon; Mary Katherine McKeehan Hannon; David S. Hannon; Vicky McKeehan Andrews; Rosalie McKeehan; Rhoda Hamblin; Beverly Angel; The Unknown Heirs, Devisees and Legatees; Unknown Spouses of these, Defendants; and Maxie Higgason, Appellees.

Nos. 2000–CA–001674–MR,
2000–CA–002328–MR.

Court of Appeals of Kentucky.

Dec. 7, 2001.

Homer Parrent, III, Parrent & Vish, Louisville, KY, for appellants.

W.M. Cox, Jr. Williamsburg, Maxie E. Higgason, Jr., Corbin, KY, for appellees.

Before BARBER, McANULTY, and SCHRODER, Judges.

## OPINION

McANULTY, Judge.

In the appeal styled 2000–CA–001674–MR, the surviving relatives and heirs of Luke Angel, deceased, and the heirs of Thelma Angel, deceased, (the Angels) appeal a June 13, 2000 findings of facts, conclusions of law and judgment of the Whitley Circuit Court that granted summary judgment in favor of the surviving relatives and heirs of Thelma McKeehan Angel, deceased, and the heirs of Luke Angel (the McKeehans). In the June 13, 2000 judgment, the circuit court found that Thelma Angel's will, instead of Luke Angel's will, controlled the distribution of certain property between the Angels and the McKeehans. The Angels also appeal from another June 13, 2000 order of the Whitley Circuit Court that awarded W.M. Cox, Jr., the attorney for W.H. (Herman) McKeehan and Everett Angel, the co-executors of Thelma Angel's estate, attorney's fees of $20,630.00, which was ten percent of the sales proceeds of the property in question, to be deducted from the sales proceeds.

In the appeal styled 2000–CA–002328–MR, the Angels appeal from July 3, 2000 order of the Whitley Circuit Court that awarded Maxie Higgason, the attorney for the McKeehans, attorney's fees of $10,000.00 to be deducted from the sales proceeds of the above mentioned property.

After review of the record and counsels' arguments, in appeal styled 2000–CA–001674–MR, we reverse and remand. In appeal styled 2000–CA–002328–MR, we reverse and vacate.

Luke Angel (Luke) and Thelma Angel (Thelma) were married, however, they had no children. On January 22, 1952, Luke Angel executed his last will and testament that read in pertinent part:

2nd. Excepting the above, I give bequeath and devise to my beloved wife, Thelma Angel, all of the property I may own or have the right to dispose of at the time of my death, including real, personal and mixed wheresoever situated, to be held, used or spent by her for any purpose she may desire to spend or use the same, during her natural life, with the only limitations thereon, that should any portion of said property remain in her hands at the death of my said wife that is over and above what is needed to pay her debts and funeral expenses, then and in that event, I give bequeath and devise that portion of said property that is so left, as follows:

. . . .

Second. Should we not have a child or children, then and in that event, said property from my estate not disposed of by my said wife, shall pass one half to my brothers and sisters, and one half to the relatives of my wife, as follows: My brothers and sisters to whom one half shall pass are, Harry Angel, Kelly Angel, Otis Angel, John D. Angel and Junice Prewitt.

The relatives of my wife to inherit one half of said remaining property, *if there is any*, are as follows: Her mother, Rebecca McKeehan, and following brothers and sisters: Nellie Hill, Marie Smith, Rosalee McKeehan, Rhoda Hamblin, S.L. McKeehan, Siler McKeehan, Edwin McKeehan and Herman McKeehan.

On September 17, 1980, Luke died and his will was duly probated. Pursuant to Luke's will, Thelma took the property that became the subject of this appeal. During her life time, Thelma disposed of none of the property she inherited from Luke.

On March 26, 1991, Thelma executed a will disposing of all of her property including the property she inherited from Luke via his will. In 1998, Thelma died and the

Whitley probate court appointed W.H. (Herman) McKeehan and Everett Angel as co-executors of her estate. On April 6, 1999, not knowing which of the two wills controlled the distribution of the property, the co-executors filed a declaration of rights action naming both the Angels and the McKeehans as co-defendants.

On September 10, 1999, the co-executors moved the circuit court for leave to submit the case for declaratory judgment and for an order to sell the property. On October 13, 1999, the circuit court ordered the property sold by a master commissioner and the proceeds distributed according to the court's subsequent order. After the property was sold, the master commissioner reported to the circuit court that the sales proceeds were $206,300.00.

On September 22, 1999, the Angels filed a motion for summary judgment. The Angels asserted that there was no issue of material fact in dispute and argued that Luke's will bequeathed to Thelma a consuming life estate with the remainder split fifty-fifty between the Angels and the McKeehans. Further, the Angels contended that since Thelma had only a life estate in the property, she could not dispose of it through her will. Accordingly, Thelma's will was void regarding the property she inherited from Luke; therefore, Luke's will controlled the distribution of the property in question.

On October 4, 1999, the McKeehans filed a cross motion for summary judgment. The McKeehans contended that the facts were not in dispute and argued that Luke's will conveyed his property to Thelma in fee simple. Since she took the property in fee, she had the right to dispose of it though her will; thus, her will controlled the distribution.

On June 13, 2000, the Whitley Circuit Court issued its finding of facts, conclusion of law and judgment. The circuit court held that Luke did in fact convey all of his property to Thelma in fee simple with the corollary that any that was not disposed of went to the Angels and the McKeehans according to the provisions in Luke's will. However, the circuit court found that Thelma had disposed of all the property by her use and by her will; therefore, the property would be distributed according to the provisions of Thelma's will. Dissatisfied with this outcome, the Angels appealed.

On January 19, 2000, the co-executors' attorney, W.M. Cox, Jr. (Cox), filed a motion with the circuit court requesting attorney's fees for his representation of the estate. Cox cited Ky.Rev.Stat. (KRS) 412.070 and KRS 453.040 and asked the circuit court to award him ten percent of the property's purchase price, $20,630.00. In support of this amount, Cox stated that he had worked approximately two hundred hours on the case, due the complications caused by the large number of heirs and their dispute over the distribution of the property. Cox stated that he did the vast majority of the legal work involved in the case, although he had little to no documentation to support this proposition, other than his affidavit. We note that neither the Angels or the McKeehans objected to Cox's request. In its June 13, 2000 order, the circuit court awarded Cox $20,630.00 in fees to be distributed from the sales proceeds. The Angels appealed this order along with the circuit court's judgment regarding the distribution of the property.

On June 27, 2000, Maxie Higgason (Higgason), attorney for the McKeehans, filed a motion with the circuit court requesting attorney's fees in the amount of $10,000.00. In a July 3, 2000 order, the circuit court awarded Higgason $10,000.00 in attorney's fees to be distributed from the sales proceeds.

On July 10, 2000, the Angels appealed the July 3, 2000 order in a separate appeal. Then on July 11, 2000, the Angels, through a new attorney, filed a motion with the circuit court to vacate its July 3, 2000 order awarding Higgason attorney's fees. The Angels argued that Higgason was not entitled to have his fees paid out of the sales proceeds. The Angels contended that only in limited situations and only when authorized by case law or statute was a litigant entitled to recover attorney's fees from an opposing party, and this situation was not covered by either case law or statute. On August 3, 2000, the McKeehans objected to the Angels' motion to vacate and argued that the circuit court had lost jurisdiction when the Angels filed their notice of appeal on July 10, 2000. The circuit court agreed and, on August 25, 2000, passed the Angels' motion stating that it had lost jurisdiction due to the Angels' appeal. On August 31, 2000, the McKeehans filed a motion with the circuit court and requested it to modify its August 25, 2000 order to make it final. On September 5, 2000, the circuit court issued an amended order that stated it was a final order and, once more, passed the Angels' motion to vacate.

In appeal styled 2000–CA–001674–MR, the Angels present us two assignments of error. First, the Angels contend that the trial court erred when it held that Luke's will gave Thelma the property in question in fee simple that allowed her to dispose of it through her will. Second, the Angels contend that the trial court erred when it awarded the plaintiffs' attorney, W.M. Cox, Jr., $20,630.00 in attorney's fee. In appeal styled 2000–CA–002328–MR, the Angels present only one assignment of error, that the trial court erred when it awarded attorney's fees to Maxie Higgason, attorney for the McKeehans.

When considering a motion for summary judgment on appeal, we need not defer to the trial court, "since factual findings are not at issue." *Webb v. Maynard*, Ky.App., 32 S.W.3d 502, 508 (1999). We must review the record in a light most favorable to the party that opposes the motion and resolve all doubts in his favor, and the movant must have shown that the party opposing the motion could not have prevailed under any circumstances. *Id.* quoting *Scifres v. Kraft*, Ky.App. 916 S.W.2d 779, 781 (1996).

When reviewing a trial court's award of attorney's fee, we are limited to determining whether or not the trial court abused its discretion. *Croley v. Adkins*, 305 Ky. 765, 205 S.W.2d 332, 334 (1947) (citations omitted); *See also, Gernert v. Liberty Nat. Bank & Trust Co.*, 284 Ky. 575, 145 S.W.2d 522 (1940).

In appeal styled 2000–CA–001674–MR, the Angels argue that the circuit court erred when it found that Luke conveyed his property to Thelma in fee simple. The Angels argue that it was clearly Luke's intent to give a life estate to Thelma, although she had the power to dispose of the *res* of the estate as she saw fit. According to the Angels, Luke did not confer upon Thelma the unlimited power to dispose of the property. The Angels contend that the unlimited power of disposition consists of two elements. One, it must consist of the power to make inter vivos disposition of property such as sales and gifts. Two, it must consist of the power to make testamentary dispositions, in other words, the power to dispose through a will. The Angles argue that Luke certainly gave Thelma the power to make inter vivos dispositions; however, they argue that Luke did not confer upon Thelma the power to dispose of the property through her will. The Angels argue that since Luke devised the remainder to

his heirs, he reserved the right to make a testamentary disposition for himself, which he exercised. Since Thelma only took a life estate which expired upon her death, the property must be distributed according to Luke's will not Thelma's. We agree.

 The Angels cite *Moore v. Morris*, Ky., 258 S.W.2d 908 (1953). In *Moore*, the decedent's will read as follows:

I give, devise and bequeath to my wife, Carrie May Morris, all of my property, real, personal and mixed, of whatsoever nature, and wheresoever situated, that I may own at my death, to be hers for and during her natural life with remainder in fee simple to my daughter, Wilma May Morris. I hereby give my wife the power to sell and dispose of any said property during her lifetime and to use the proceeds as she may see fit and the purchaser of any of it does not have to look to the application of the proceeds and if any of said property be left at her death then same to pass to my daughter under this item. I hereby give my wife power to make and sign any deed or other instrument necessary to pass title to any of said property and also power to acknowledge said instruments. *Id.* at 909.

The court stated that to determine whether the devisee received a life estate or a fee two things must be considered. First, the court must consider the intent of the testator by looking at the language of the whole will. Second, the court must consider whether the devisee received an unlimited power of disposition. An unlimited power of disposition includes not only the power to make inter vivos disposition ·but also the power to make a disposition through a will. "If she [the devisee] was clothed with the unqualified power of disposition we have just mentioned, she was invested with a fee. On the other hand, if she can only execute and deliver inter

vivos conveyances, she has only a life estate in the property." (parenthetical added) *Id.* at 910, *quoting Wintuska v. Peart*, 237 Ky. 666, 36 S.W.2d 50 (1931); *Evans v. Leer*, 232 Ky. 358, 23 S.W.2d 553 (1930); *Spicer v. Spicer*, 177 Ky. 400, 197 S.W. 959 (1917); and *Angel v. Wood*, 153 Ky. 195, 154 S.W. 1103 (1913). The court held that the decedent had reserved the right to make testamentary dispositions for himself; therefore, his widow received a life estate only. *Id. Moore v. Morris* was overruled by *Melton v. Wyatt*, Ky., 517 S.W.2d 242, 244 (1974) but only, "to the extent that," *Moore* placed, "any limitation on the use or disposition of the property except the making of a testamentary disposition." As to the issue of life estate versus fee simple, we find the *Moore* is still dispositive.

Another case with testamentary language similar to Luke's will is *Handy v. Crain*, Ky., 270 S.W.2d 956 (1954). In *Handy*, the decedent's will reads in pertinent part:

I give and bequeath to may wife Josephine N. Crain all of my property of every kind what soever, real personal and mixed to use, occupy controle [sic], and dispose of as she may see proper during her natural life . . . *Id.* at 957.

Once more in determining whether the devisee received a life estate or a fee, the court looked at the devisee's power to dispose of the property in question. The court stated:

Nor does bestowal of the unlimited right to convey, standing alone, invest one with a fee. If the power of disposition is limited in any way, either as to devisees or grantees or as to the time of its exercise, the estate created is not a fee. The unlimited and absolute power of disposition is required: and *this includes essentially the power to give, grant, sell and convey by an inter vivos*

*instrument and devise by a testamentary document.* (citations omitted)(emphasis added) *Id.* at 958.

The court held that the decedent intended to convey only a life estate, even though the devisee had the broad power to convey the property during her life time.

In the case *sub judice,* the decedent, Luke Angel, used very specific language in his will. He clearly gave Thelma broad power to convey the property during her life time. However, he specifically qualified this with the language, "during her natural life." He expressly instructed how his property was to be distributed upon Thelma's death. He included in his will not just one, but two clauses regarding this. Luke obviously reserved for himself the power to dispose of the property through a testamentary document, which limited Thelma's power to dispose of the property. Lacking the power to make a testamentary disposition, Thelma received nothing more than a life estate in Luke's property and could not possibly dispose of it through her own will. We find that Luke's will should have controlled the distribution of the property in question; therefore, we reverse the circuit court and remand with instructions for the property to be distributed between the Angels and the McKeehans according to the provisions of Luke's will.

■ In appeal styled 2000–CA–001674–MR, the Angels argue that the circuit court abused its discretion in awarding attorney's fees to W.M. Cox, Jr., who represented the co-executors of Thelma's estate. Reasonable attorney's fees are recoverable pursuant to KRS 412.070, "if one or more of the legatees, devisees, distributees or parties in interest has prosecuted for the benefit of others interested with him … [t]his allowance shall be paid out of the funds recovered before distribution." Furthermore, several cases stand for the proposition that the administrator of an estate who hires an attorney to aid in the settlement of the estate, can seek reasonable attorney's fees, which are chargeable against the estate. *White v. White,* Ky.App., 883 S.W.2d 502, 506 (1994). *See also, In Re Citizens Fid. Bank & Trust,* Ky.App., 550 S.W.2d 569 (1977); *Greenway v. Irvine's Ex'r,* 234 Ky. 597, 28 S.W.2d 760 (1930); *Harding's Admr. v. Harding,* 132 Ky. 133, 116 S.W. 305 (1909).

■ Clearly, Cox, as representative of Thelma's estate, was entitled to compensation from the estate prior to distribution. However, the statute and the case law make it clear that such attorney's fees must be reasonable. The old Court of Appeals (now the Kentucky Supreme Court) stated succinctly that in assessing attorney's fees, "they must be reasonable, taking into consideration the character of services rendered, the time employed, the size of the estate, and the extent of the litigation." *Harding's Admr. v. Harding, supra* at 311. Further, this court has stated that a trial court errs if it orders attorney's fees paid without first making a finding that the fees are reasonable. *White v. White, supra* at 506. In situations where this court has been unable to ascertain from the record whether or not the trial court abused its discretion in awarding attorney's fee, it has reversed and remanded for the trial court to make such a finding. *In Re Citizens Fid. Bank & Trust, supra* at 570. In the case *sub judice,* we find that the record lacks adequate information to allow us to determine whether the circuit court abused its discretion. Therefore, we reverse as to the amount of Cox's award and remand to the circuit court for an evidentiary hearing to determine whether the amount of Cox's award was reasonable. Cox should have the opportunity to present evidence, such

as billing records, to support that the amount he requested was reasonable.

■ In appeal styled 2000–CA–002328–MR, the Angels argue that the circuit court abused its discretion by awarding attorney's fees to Maxie Higgason, the attorney for the McKeehans. The Angels cite *Motorists Mutual Insurance Co. v. Glass*, Ky., 996 S.W.2d 437, 445 (1997) and *Louisville Label, Inc. v. Hildesheim*, Ky., 843 S.W.2d 321 (1992) and argue that, absent a statute, written agreement or case law to the contrary, a trial court cannot award attorney's fees to be paid by the adverse party. The Angels further contend that, even if the circuit court has broad discretion in awarding attorney's fees in an estate action, Higgason was not entitled to attorney's fees because he represented the McKeehans' interests, which were adverse to the Angels' interests. According to the Angels, Higgason did not undertake the representation of the McKeehans for the benefit of all the parties involved. Higgason represented the McKeehans for their sole and exclusive benefit and to the detriment of the Angels. The Angels agree that Higgason earned his fees; however, they argue that his fees should not come from the sales proceeds nor from the Angels. We agree.

■ No statute, case law or written agreement between the parties authorized attorney's fees to be awarded to Mr. Higgason. Unlike Cox, Higgason did not represent the estate nor its co-executors. Since Higgason did not prosecute an action in the circuit court for the benefit of all interested parties, he was not entitled to seek his fees pursuant to KRS 412.070. Further, "[i]n all of the cases there collated no allowance of an attorney's fee was approved by this court unless the services rendered by the attorney were necessary and redounded to the benefit of the estate, either in accomplishing some purpose that

could be done only by litigation, or other resulting benefits to be shared equally by it distributees." *Gernert v. Liberty Nat. Bank & Trust Co.*, 284 Ky. 575, 145 S.W.2d 522, 526 (1940). Higgason did not render services that redounded to Thelma's estate nor did he render services that resulted in any benefits that were shared equally by the Angels and the McKeehans. Higgason professionally, competently and successfully rendered services that benefitted his clients, the McKeehans, to the detriment of the appellants, the Angels. Since Higgason was not entitled to attorney's fees to be paid from the sales proceeds, we find that the circuit court abused its discretion when it awarded attorney's fees to Higgason. Therefore, we reverse and vacate the circuit court's order awarding such.

For the foregoing reasons, we reverse the Whitley Circuit Court and remand for further proceedings consistent with this opinion.

ALL CONCUR.